## Case No. 7,181a.

### JAMES v. JENKINS.

[Hempst. 189.] [1]

Superior Court, Territory of Arkansas. July, 1832.

Before JOHNSON, ESKRIDGE, and CROSS, JJ.

OPINION OF THE COURT. [Samuel] Jenkins, the defendant in error, sued out an attachment from the office of the clerk of the circuit court of Chicot county, against [Thomas] James, and prosecuted the same to judgment. The object of the plaintiff in error is to reverse this judgment. Various grounds are relied on for that purpose.

First, it is contended that the affidavit upon which the attachment issued, is insufficient, the clerk having no power in such cases to administer oaths in vacation. Secondly, there was no service of the writ, and of consequence, that every subsequent step taken in the cause was erroneous. These are the only grounds we deem it material to notice. The first has been urged with some plausibility, but the practice has uniformly been, in making the affidavit required, to take the oath before the clerk; and although we have found no express provision in our statute delegating the power, yet we think it is impliedly given, and that the legislature obviously so intended it.

The second objection is of a more serious character. The only return made by the sheriff is in these words: "Served the within writ of garnishee on the within-named Squires' Ward, Wm. B. Patton, and John S. Been, by reading the same within their

hearing, in the presence of James Estill and William Springer, on the 17th day of November, in the township of ——, and county of Chicot. Nov. 17, 1828." The manner of serving the writ of attachment is pointed out in the third section of the act of 1818, entitled. "An act to provide a method of proceeding against absent and absconding debtors;" and requires that the officer should go to the place where, or the person in whose hands or possession the lands, tenements, goods, chattels, and effects are supposed to be, or the person supposed to be indebted to the defendant, and then and there declare in the presence of one or more creditable persons of the neighborhood that he attaches the same. The return of the sheriff does not even purport to be a service of the writ of attachment, and if it did, there has been no compliance with the provisions of the statute. The proceeding by attachment is derogatory of the common law, and there should at least be a substantial observance of the provisions of the statute authorizing it. Judgment reversed.